UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN GAY,

      Petitioner,

v.                                Case No. 3:19cv63-RV-HTC

SECRETARY of the FLORIDA
 DEPARTMENT OF CORRECTIONS,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, John Gay, proceeding *pro se*, filed an amended petition under 28 U.S.C. § 2254, ECF Doc. 15, bringing four grounds challenging his convictions and sentences in over a dozen cases in the circuit court of Escambia County, Florida. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the amended petition, the Secretary's response (ECF Doc. 22), and Petitioner's reply (ECF Doc. 24), the undersigned recommends the Petition be DISMISSED as each ground raised is successive, untimely or procedurally defaulted.

## I.    BACKGROUND

### A.    Offenses and Convictions

Between October 10, 1989 and January 4, 1990, Petitioner was charged in 18 different cases, containing a total of 88 counts alleging various sex offenses committed on at least 9 grammar-school-age boys. *Gay v. State*, 607 So. 2d 454, 456 (Fla. Dist. Ct. App. 1992).[1]

The state consolidated several of the cases for one jury trial[2], resulting in guilty verdicts on seven counts of lewd and lascivious acts upon a child, one count of sexual battery on a child under 12, two counts of kidnapping, one count on the lesser included offense of attempted sexual battery, and one count of attempted lewd act in the presence of a child.  ECF Doc. 22-3 at 153.  After the jury trial, Petitioner entered no-contest pleas to numerous charges in the cases that had not gone to trial[3] and the State dismissed other charges.  *Id.* at 159 & 184.

Petitioner was sentenced to the charges on which he was found guilty as follows:  89 CF 5931 – life, with a 25-year minimum; 89 CF 5398 – life on each of the 2 kidnapping counts, concurrent and 15 years on the lewd and lascivious count;

---

[1] The First DCA's opinion in that case sets out the background facts of the cases in detail.  To the extent these facts are not relevant to the resolution of the habeas petition, they are not repeated here.

[2] Petitioner went to trial in these cases: 89 CF 5930, 89 CF 5931, 89 CF 6050, 89 CF 6051, 89 CF 5932, 89 CF 5792, 89 CF 5398, 89 CF 5791.  ECF Doc. 22-3 at 153-56.

[3] Petitioner pled no contest in these cases: 89 CF 5932, 89 CF 5822, 89 CF 6075, 89 CF 5754, 89 CF 5753, 89 CF 6395, 89 CF 6076, 89 CF 5929, 89 CF 5637, 89 CF 5638, and 89 CF 5636.  ECF Doc. 22-3 at 222.

89 CF 5791 – 5 years on count 1; 89 CF 5792 – 15 years as to count 1; 89 CF 5930 – life on count 2 and 15 on count 1; 89 CF 5932 – 15 years on count 2; and 89 CF 6050 – 15 years on count 1.  Petitioner was sentenced on the charges to which he pled no contest as follows:  life in prison, 25 year minimum in 89 CF 5636 and 15 years on ten other counts of lewd and lascivious conduct, some to run consecutively. These sentences, combined, resulted in two consecutive life sentences to be followed by three concurrent life sentences and an additional 245 years concurrent incarceration on the lesser charges.  *Gay*, 607 So. 2d at 456.

### B.    Post-Conviction History

Petitioner appealed his convictions to the First District Court of Appeals ("First DCA").  ECF Doc. 22-4 at 47; Case No.: 1D90-2751.  On September 24, 1992, the First DCA affirmed with a written opinion.  ECF Doc. 22-4 at 201; *see Gay*, 607 So.2d at 454.  Petitioner filed a petition asking the Florida Supreme Court to invoke its discretionary jurisdiction, which was denied May 6, 1993.  ECF Doc. 22-4 at 216.  Petitioner did not file a petition for certiorari review with the United States Supreme Court; thus, his judgments became final 90 days later, on August 4, 1993.  *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires).

On March 22, 1995, Petitioner filed his first post-conviction motion in circuit court, which was amended on April 21, 1995. ECF Doc. 22-4 at 211. That 3.850 motion was continuously pending until October 1, 1996, when the First DCA issued a mandate affirming the circuit court's denial. ECF Doc. 22-6 at 166.

Petitioner filed a federal habeas petition on April 10, 1997, which the district judge denied after adopting the magistrate judge's 33-page report and recommendation. *See Gay v. Singletary*, 3:97cv74-RV-SMN (N.D. Fla.). ECF Doc. 22-5 at 280. ECF Docs. 23 & 24 in 3:97cv74-RV-SMN.

On July 31, 2014, Petitioner filed a successive 3.850 motion, claiming he learned for the first time, on April 19, 2013, that his life sentences were not eligible for parole after 25 years, contrary to the advice given him by his attorney at the time he decided to reject a 25-year plea offer from the State. ECF Doc. 22-6 at 221-22. As discussed below in section D., this is Ground Three of the instant petition.

On December 1, 2014, the circuit court denied the motion as untimely, citing Florida cases for the proposition that a "claim that counsel gave erroneous advice concerning parole eligibility was not newly discovered evidence that could not have been ascertained with due diligence within the two-year time limit of rule 3.850." ECF Doc. 22-7 at 8. The First DCA also dismissed the attempted appeal as untimely filed. ECF Do. 22-7 at 136; Case No.: 1D15-0428. On May 13, 2015, the First

DCA, rejected a petition to file a belated appeal of the denial of the untimely 3.850 motion. *Id.* at 168; Case No.: 1D15-1876.

On July 22, 2015, Petitioner filed a motion to withdraw his plea in circuit court cases 1989 CF 5398, 1989 CF 5931, and 1989 CF 5636. ECF Doc. 22-7 at 172. The circuit court denied the motion as untimely, noting that "Mr. Gay was sentenced on all three of the instant cases on July 26, 1990, some 25 years ago." *Id.* at 238. The First DCA affirmed *per curiam* and without written opinion. *Id.* at 301; Case No.: 1D15-4030,

In the meantime, on August 11, 2015, Petitioner filed two 3.800 motions to correct illegal sentences. In one, Petitioner asserted he was actually innocent of the crimes charged in 89 CF 5932. ECF Doc. 22-7 at 313. The circuit court denied that motion, and the denial was affirmed by the First DCA without written opinion. *Id.* at 384; Case No.: 1D15-4097

In the other, Petitioner challenged the life sentence he received for attempted sexual battery on Count II of case number 1989 CF 5930. *See* ECF Doc. 22-8 at 4. Specifically, Petitioner argued the trial court erred by sentencing him to life on that count because attempted sexual battery (the lesser included offense to capital sexual battery) is a first-degree felony punishable only by up to 30 years' imprisonment under Fla. Stat. §§ 775.082(3)(b), 777.04(4)(a), and 794.011(2).

Although the circuit court denied the motion, Petitioner appealed, and the First DCA eventually reversed and remanded the case[4] "for the trial court to resentence Appellant within the thirty-year statutory maximum for his attempted capital sexual battery conviction in case 89–5930." ECF Doc. 22-8 at 114; *Gay v. State*, 217 So. 3d 1191, 1192 (Fla. Dist. Ct. App. 2017).

On February 28, 2018, the circuit court resentenced Petitioner to 15 years' imprisonment on both counts in 1989 CF 5930, to run concurrently with the sentence in 1989 CF 5931, and issued an amended judgment – but *only* in case 1989 CF 5930. ECF Doc. 22-9 at 246, 249.  Petitioner did not appeal the amended judgment.  As explained below, this amended judgment is important because Petitioner appears to rely on it, in part, to show the instant petition is timely filed and not successive.

In the meantime, on May 24, 2017, Petitioner filed another successive 3.850 motion, alleging that one of the child witnesses against him, M.Y., had recanted his testimony on March 31, 2017 in an interview with a private investigator hired by Petitioner.  ECF Doc. 22-8 at 163.  He sought to withdraw his nolo contendere pleas in cases 89-6076, 89, 5929, 89-5637, 89-5638, and 89-5636.  *Id.* at 159 & 177.  This same argument is Ground Two of the instant petition.

---

[4] The First DCA, in the original appeal, 1D15-4316, remanded the case to the circuit court to attach portions of the record refuting appellant's claim or to grant relief.  ECF Doc. 22-8 at 46.  The circuit court again denied relief, and Petition again appealed, creating First DCA case 1D16-2152.

The circuit court first found that "Defendant is not entitled to collaterally attack his convictions anew merely because he is set to be resentenced as to Count 2 in case number 89-5930." *Id.* at 292 (citing *O'Neill v. State*, 6 So. 3d 630 (Fla. 2d DCA 2009)).  The circuit court also found that the witness had not recanted at all. That is, he did not recant his prior testimony that Petitioner had illegally touched him; instead, he merely stated he did not see any penetration or attempted penetration. *Id.* at 292-93.  Also, the circuit court found the motion untimely, as "the Defendant's motion fails to show that he could not have discovered M.Y.'s account *years earlier*." *Id.* at 293 (emphasis in original).  Petitioner appealed, arguing in issue three of that appeal that the circuit court "erred in ruling that resentencing does not re-start, retriggers new post-conviction time limits." *Id.* at 303; ECF Doc 22-9 at 8-9.  The First DCA affirmed *per curiam* and without written opinion. *See* Case No.: 1D17-4938,

On September 28, 2017, Petitioner filed a motion to correct illegal sentence under Fla. R. Crim. P. 3.800, raising three grounds.  The first raised a double jeopardy claim with regard to case 1989 CF 5398; the second argued that the conviction in 1989 CF 5791 must be discharged because the state offered no proof that the child involved was aware of a lewd act being committed in his presence; and ground three argued that the judge erred in "failing to instruct the jury that, absent penetration, union with another object is only a 2nd degree felony, a lewd act, and

must be offered as a lesser included offense on the jury verdict form."  ECF Doc. 22-9 at 91.

On September 28, 2017, the circuit court denied ground one on the merits, and denied grounds two and three with the following language: "the Defendant may not challenge his *convictions* in a rule 3.800(a) motion. . . . A rule 3.850 motion would be untimely at this point. . . . Moreover, challenging the sufficiency of the evidence is not a valid rule 3.850 claim."  ECF Doc. 22-9 at 152.  The First DCA affirmed *per curiam* and without written opinion.  *Id.* at 244.

On March 26, 2018, Petitioner filed a Rule 3.800(a) motion to correct illegal sentences in all his cases.  ECF Doc. 22-10 at 10.  Petitioner admitted the "Court stated the only case to be heard before the Court February 23, 2018, resentence/evidentiary hearing was 89-5930" but argued the scoresheet in his case was "a multi case multi sentence scoresheet and by law all sentences appearing on that incorrect former scoresheet which exceed the total guidelines sentence of 17 years are thus illegal and must be resentenced."  *Id.* at 10.  The circuit court denied the motion on May 8, 2018, holding that "[t]he Court could have sentenced the Defendant to the sentences he received regardless of any scoresheet error."  *Id.* at 35.  The First DCA, affirmed *per curiam* and without written opinion.  *See* Case No.: 1D18-2275.

Petitioner initiated the instant second federal petition by delivering it to prison mail officials on January 7, 2019.  ECF Doc. 1 at 1.

## II.   DISCUSSION

Petitioner raises the following grounds of relief:  (1) the trial court erred by constructively amending the information in its jury instructions in cases 89 CF 5930 and 89 CF 5931; (2) he is actually innocent of the crimes he pled no contest to in cases 89 CF 6076, 89 CF 5929, 89 CF 5367, 89 CF 5638, and 89 CF 5636 because the victim, M.Y., has recanted his testimony; (3) his counsel was ineffective during plea negotiations; and (4) the trial court improperly used the capital sentence in 89 CF 5931 to depart upward in its sentence in 89 CF 5938.

As an initial matter, although not raised by the Respondent, the Court finds all grounds for relief, other than those relating to Petitioner's conviction in 89 CF 5930, are untimely.  Even if not untimely, the Court agrees with Respondent these grounds are successive, and thus this Court lacks jurisdiction to decide those claims.  Also, those grounds which are not time-barred or successive, namely Ground One and that part of Ground Three related to pretrial plea negotiations in 89 CF 5390, are procedurally defaulted.  Thus, Petitioner is not entitled to relief on any ground.

### A.    Dismissal of Grounds Two, Three and Four as Untimely

Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), a

petition for habeas relief must be filed within one year of the latest of the following

"trigger" dates:

> **(A)** the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> **(C)** the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

As stated above, Petitioner's original convictions and sentences became final

on August 4, 1993.  ECF Doc. 22-4 at 216.  Since that date was before the effective

date of the AEDPA, Petitioner thus had one year after the effective date of the

AEDPA (until April 24, 1997) to file a federal habeas petition, *Wilcox v. Fla. Dep't

of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) ("petition was timely filed for

purposes of the AEDPA because it was filed within a reasonable time—within one

year from the AEDPA's effective date"), unless a "a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment" tolled the AEDPA time limit, 28 U.S.C. § 2244(d)(2). Therefore, Petitioner had until April 24, 1997 to file a timely federal petition unless properly filed applications for state postconviction review tolled the limitations period.

As confirmed by the state court dockets,[5] Petitioner did not have any state appeals or state applications for postconviction review pending after October 1, 1996, when the First DCA issued its mandate affirming the denial of Petitioner's first Rule 3.850 motion, ECF Doc. 22-6 at 166, until he filed his successive 3.850 motion over seventeen years later -- on July 31, 2014. *Id.* at 221. The 2014 successive 3.850 motion, however, could not have tolled the one-year limitations period because there was no time left on the clock to toll. *Delguidice v. Fla. Dep't Of Corr.*, 351 F. App'x 425, 428 (11th Cir. 2009) (A state postconviction motion "filed after expiration of the one-year AEDPA limitations period . . . [can]not toll the limitations period, as the limitations period had already expired.").

Also, although Petitioner had filed his first federal petition before April 24, 1997, that petition also did not toll the AEDPA time limit for future petitions. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition). Therefore, the

---

[5] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).

AEDPA one-year limit expired on April 24, 1997, and because the 2014 motion was filed *after* Petitioner's AEDPA clock had already expired, there was no time left on the clock to be tolled.  Thus, the instant petition, which was filed more than two decades after Petitioner's judgments became final, is untimely unless the AEDPA clock was restarted.

The AEDPA clock is restarted when a defendant is resentenced and an amended judgment is entered.  The AEDPA's one-year limitations period begins to run anew based on the date the amended judgment becomes final.  *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292–93 (11th Cir. 2007) (judgment entered after Petitioner was resentenced – and not the original judgment of conviction -- "controls the statute of limitations for this petition because the period begins to run when both the conviction *and* sentence are final") (emphasis in original).

When the circuit court resentenced Petitioner and amended the judgment in 89 CF 5930, the AEDPA clock was restarted – but *only* as to that case.  Petitioner's resentencing in 89 CF 5930 *did not* restart the AEDPA for any other judgment.  It did not, as Petitioner may believe, result in a new or amended judgment in all his cases.  *See McCloud v. Hooks*, 560 F.3d 1223, 1229-30 (11th Cir. 2009) (holding that when separate judgments are entered, the court shall "match convictions with a

respective sentence" for purposes of the AEDPA one-year limitations period).  Thus, only those claims in this petition which relate to 89 CF 5930 are timely.[6]

Ground One, which relates to the jury charge given in 89 CF 5930 and 89 CF 5931 is timely, but only as to 89 CF 5930.  Ground Two, which relates to cases in which Petitioner pled no contest and involving victim M.Y., is untimely.  That claim has nothing to do with 89 CF 5930.

In Ground Three, Petitioner argues he rejected a plea of "25 years straight up with no minimum mandatory" prior to trial and entered into non-favorable nolo contendere pleas on cases which had not gone to trial because of ineffective assistance of counsel.  Respondent argues this ground can only relate to those cases in which Petitioner pled nolo contendere, which does not include 89 CF 5930.  Petitioner argues in the Reply, however, that he is also challenging the rejection of the "pre-trial plea offer."  ECF Doc. 24 at 18.  Clearly, any claim that counsel's ineffectiveness led Petitioner to enter nolo contendere pleas (none of which involve 89 CF 5930) is time-barred and successive.  As discussed further in section D.,

---

[6] The amended judgment in 89 CF 5930 became final after the 30-day deadline for Petitioner to file an appeal, March 30, 2018.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P. 9.140(b)(3) ("The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires).  Since Petitioner filed the instant petition in January 2019, it falls within the one-year limitations period as to the amended judgment.

Petitioner's claim that counsel was ineffective regarding the pre-trial plea offer, while not time-barred or successive as it relates to 89 CF 5930, is procedurally defaulted.

Finally, Ground Four is time-barred because it relates solely to the sentence Petitioner received in 89 CF 5398.

The petition form used by Petitioner requires Petitioner to identify how the petition is timely.  In that section, Petitioner states "[t]his petition is timely filed pursuant to the AEDPA," and recites the AEDPA's statutory provisions, without explanation.  He does not identify any pending post-conviction motions or appeals which would have tolled the final judgment date.  He does not argue for the application of a trigger date other than the final judgment date.  Indeed, Petitioner identifies the date of judgment as June 21, 1990, the date of sentence as July 26, 1990, and the date of resentencing as "*89-5930* February 23, 2018."  ECF Doc. 15 at 1 (emphasis added).

In Petitioner's Reply, however, he appears to argue the petition is timely because he is actually innocent of the crimes, and "actual innocence can be raised any time."  ECF Doc. 24 at 1.  While Petitioner is correct that a showing of "actual innocence" is sufficient to overcome a procedural bar, such as untimeliness, *Schlup v. Delo*, 513 U.S. 298, 327 (1995), Petitioner has not presented any arguments or

evidence to show that he is actually innocent of the crimes for which he was tried and convicted.

Instead, Petitioner argues in Ground Two that he is actually innocent of the crimes charged against him in 89-6076, 89-5929, 89-5637, 89-5638, and 89-5636, for which he pled nolo contendere. As stated above, Petitioner's position is based on the alleged recanting of victim M.Y.'s testimony. Even if Petitioner was able to show he was actually innocent of the crimes against M.Y., such a claim of actual innocence would apply only to the crimes he committed in the cases involving M.Y. However, as discussed above, Petitioner made this same claim in his May 24, 2017 successive 3.850 motion, which was rejected by the circuit court, both as untimely *and* because M.Y. had not recanted his testimony his prior testimony about Petitioner illegally touching him. ECF Doc. 22-8 at 292-93.

The actual innocence exception "is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted). It is also an exceedingly difficult standard to satisfy. "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." *Schlup*, 513 U.S. at 327. The actual innocence exception is

supposed to "remain 'rare' and … only be applied in the 'extraordinary case.'" *Id.* at 321. This is not that rare and extraordinary case.

Thus, because Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice, he is not entitled to bring any claim which is procedurally defaulted, including those that are time-barred. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (holding that the only exception to the doctrine of procedural default is where a petitioner has established "cause and prejudice or the fundamental miscarriage of justice").

### B.    Dismissal of Grounds Two, Three and Four as Successive

Under 28 U.S.C. § 2244(b)(1), a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." However, a habeas petition filed after an amended or vacated judgment is not "second or successive if it challenges a 'new judgment'"—so long as the new judgment "'authorize[es] the prisoner's confinement.'" *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325, 1326–27 (11th Cir. 2017) (en banc) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). Thus, while the petition is not successive as to claims related to 89 CF 5930, as with the issue of timeliness, the petition is successive as to claims related to the other cases and thus are subject to dismissal on that ground as well.

Petitioner argues none of the claims in the petition are successive because none had been previously raised in federal court. That, however, is not the standard for whether the claims in a petition are successive. Instead, a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless it fits certain narrow exceptions. 28 U.S.C. § 2244(b)(2). One exception is if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Petitioner, however, has not shown any new evidence which could not have been discovered previously in support of Grounds Two, Three or Four. As stated above, the circuit court rejected Petitioner's argument that his actual innocence argument (Ground Two), which was raised in the May 24, 2017 successive 3.850 motion was based on evidence that could not have been previously discovered. Similarly, the circuit court rejected the argument made in Ground Four, raised in the July 31, 2014 successive 3.850 motion as "newly discovered."[7]

---

[7] This reasoning also applies to Petitioner's timeliness argument and prevents Petitioner from relying upon the date of any of these motions as the triggering date to start the AEDPA one-year

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication, however, that Petitioner had sought such permission. Thus, this Court lacks jurisdiction to hear Ground One (as it relates to 89 CF 5931), Ground Two, Ground Three (as it relates to the no-contest pleas), and Count Four.

### C.    Dismissal of Ground One as Procedurally Defaulted

Petitioner argues the trial court violated his due process rights by effectively amending the charging information and language of the statute when instructing the jury in cases 89 CF 5930 and 89 CF 5931. As discussed above, however, because this claim as to 89 CF 5931 is both untimely and successive, the Court will consider this ground only as to case 89 CF 5930.

In count two of 89 CF 5930 Petitioner was charged in the Information with committing sexual battery on W.F.B. "by union between the victim's anus and the defendant's penis" during the time period June 1, 1988 and August 31, 1988. ECF Doc. 22-2 at 219. However, during the trial, W.F.B. testified he did not know if what had touched him in that part of his body was Petitioner's penis or some other

---

limitation period under 28 U.S.C. § 2244(d)(1)(D)(allowing a later triggering date of the one-year limitation on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

Case No. 3:19cv63-RV-HTC

object such as a finger or bar of soap.  ECF Doc.Doc. 22-1 at 278-82, 292-95.  Thus,

the court also instructed the jury as follows on the lesser included offense of attempt:

> Now, as to the attempted sexual battery, I want to redefine sexual
> battery for you, and that is as to the attempt the State must prove that
> the victim was less than 12 years of age and, second, that the defendant,
> John Gay, committed an act upon the victim in which the sex organ of
> the defendant had union with the anus of the victim or, and this is
> different, that the defendant committed an act upon the victim in which
> the anus of the victim was penetrated by an object, and that is the
> definition to be used in the attempt to determine if some act toward
> committing that crime went beyond thinking or talking about it and the
> other element that I explained to you.

ECF Doc. 22-2 at 183-84.

As an initial matter, the undersigned finds the jury instruction to be consistent

with Florida Statute § 794.011(1)(h) (1988), which defines "sexual battery" as being

proven in one of two ways: (1) "oral, anal, vaginal penetration by, or union with, the

sexual organ of another" or (2) "the anal or vaginal penetration of another by any

other object"  Fla. Stat. § 794.011(1)(h).  Regardless of the merits, however,

Petitioner is not entitled to relief on Ground One because it is procedurally defaulted.

Specifically, such an argument should have, and was not, raised on direct appeal.

Under Florida law, challenges to jury instructions must be raised on direct

appeal.  *Thompson v. State*, 759 So. 2d 650, 665 (Fla. 2000) ("The substantive

challenges to these jury instructions are procedurally barred because Thompson

could have raised these claims on direct appeal").  As stated above, Petitioner,

however, did not file a direct appeal of the February 28, 2018 amended judgment in 89 CF 5930.

Although Petitioner filed a Rule 3.800 motion to correct the sentences in all his cases after the amended judgment in 89 CF 5930 was issued, Rule 3.800 is "not the correct procedural vehicle for attacking the merits of an underlying criminal conviction." *Echeverria v. State*, 949 So. [2]d 331, 335 (Fla. 1st DCA 2007). Therefore, Petitioner has procedurally defaulted Ground One as it relates to 1989 CF 5930. *See Marek v. Singletary*, 62 [F].3d 1295, 1303 (11th Cir. 1995) (finding habeas challenges to jury instructions procedurally defaulted because Petitioner "first challenged the jury instructions . . . in his Rule 3.850 motion . . . [and] he did not raise this specific claim on direct appeal [in state court].").

Also, Petitioner cannot now return to state court to raise this issue on appeal or by 3.850 motion, as the time limit to file either of those has expired. An appeal had to be brought within 30 days of February 28, 2018, when the amended judgment was issued. *See* Fla. R. App. P. 9.140(b)(3) (notice of appeal must be filed "at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence"); *Skeens v. State*, 853 So. 2d 494, 495 (Fla. 2nd DCA 2003) (applying thirty-day limit to direct appeal of resentencing). A 3.850 motion has to be filed within two years after the "judgment and sentence become final." Fla. R. Crim. P. 3.850(b).

As stated above, the 30-day appeal deadline on the February 28, 2018 amended judgment was March 30, 2018. Thus, Petitioner cannot now file an appeal. Likewise, Petitioner cannot now file a 3.850 motion because the 2-year deadline for Petitioner to file the motion was March 30, 2020. Accordingly, Petitioner has procedurally defaulted this claim, and it is barred from federal habeas review. *See Johnson v. Singletary*, 938 F.2d 1166, 1174 (11th Cir. 1991) (en banc).

### D.    Dismissal of Ground Three – Ineffective Assistance of Counsel in Pretrial Plea Negotiations, as Procedurally Defaulted

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). A claim is procedurally defaulted for purposes of federal habeas review 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim[ ] procedurally barred.' " *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 956-57 (11th Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Petitioner first raised the issue of the rejection of the 25-year pre-trial plea offer in his successive "Rule 3.850 Motion for Post Conviction Relief Based on Newly Discovered Evidence." ECF Doc. 22-6 at 221 (filed July 31, 2014). As stated

above, however, the circuit court denied the motion as untimely and the First DCA dismissed the appeal as untimely.   ECF Doc. 22-7 at 136.   The First DCA also rejected Petitioner's attempt to belatedly appeal the denial of the 3.850 as untimely. ECF Doc. 22-7 at 168.

Although Petitioner could have filed a 3.850 motion after the February 28, 2018 resentencing, he failed to do so.  Petitioner's failure to file a petition for state collateral relief within the two-year time limit of Rule 3.850 of the Florida Rules of Criminal Procedure is a procedural default which bars federal habeas review absent cause and prejudice for the untimely motion, which Petitioner has not shown. *Whiddon v. Dugger*, 894 F.2d 1266, 1266 (11th Cir. 1990).

## III.   CONCLUSION

### A.   An Evidentiary Hearing Is Not Warranted

The undersigned finds that an evidentiary hearing is not warranted.   In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."   *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Here, the issues involved do not turn on any contested factual issue.   In other words, the Court does not have to revolve any factual issues to determine the claims are untimely, successive or procedurally

barred.  Therefore, an evidentiary hearing would not assist in entitling him to relief and is not warranted.

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

> The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the amended petition under 28 U.S.C. § 2254, ECF Doc. 15, be

DENIED without an evidentiary hearing.

2.      That a certificate of appealability be DENIED.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of May, 2021.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.